

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00080-CV

Michelle **ADAME**,
Appellant

v.

Arturo **DIAZ**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 2020CV04024
Honorable John Longoria, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Patricia O. Alvarez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: May 5, 2021

DISMISSED AS MOOT

This is an appeal in a forcible detainer action in which the county court signed a judgment of possession in favor of appellee on February 5, 2021. A review of the clerk's record shows the county clerk issued a writ of possession seeking to enforce that judgment on February 10, 2021.

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE §§ 24.001-.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an

eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to file a supersedeas bond in the amount set by the county court, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* Tex. Prop. Code § 24.007; Tex. R. Civ. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless she (1) timely and clearly expressed her intent to appeal and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786-87.

The clerk's record does not indicate appellant filed a supersedeas bond and it is unclear whether the writ of possession was executed. On March 9, 2021, we ordered appellant to file a written response no later than March 19, 2021 explaining whether the writ of possession was executed and why this appeal should not be dismissed as moot. Appellant did not respond. Accordingly, we dismiss this appeal as moot.

PER CURIAM